Harold A. Stevens, J.
This is an article 78 proceeding-brought by petitioners, tenants of premises 400 East 57th Street on behalf of themselves and other tenants, against the landlord of the premises, herein called 400 Realty, and the State Rent Administrator, herein called Administrator, as respondents. The petitioners seek to review a determination of the Administrator dated February 10, 1956, which granted a protest taken by 400 Realty from the order of the local rent administrator denying a rental increase based on hardship. The order of the Administrator reversed the order of the local rent administrator, granted an increase to 400 Realty and made the same retroactive to April 21, 1955, the date of the order of the local rent administrator.
Certain facts may be set forth to clarify the issues. The 400 Realty took title to the premises November 1, 1954, for a total purchase price of $3,500,000 as follows: $800,000 cash; first mortgage $1,748,600.75, and a second mortgage of $951,399.25. *262 The assessed valuation of the property at that time was $2,500,-000. Shortly after taking title, 400 Realty made application for rent increases based on hardship. The local rent administrator in denying the application used the assessed valuation as the basis for the computation of the 6% return. The 400 Realty protested the ruling to the Administrator who on May 10, 1956, revoked the order of the local rent administrator and granted increases based on the total purchase price. Petitioners contend that the circumstances surrounding the purchase were of such nature as to warrant using the assessed valuation as the basis for computation, though they concede discretion is vested in the Administrator. That contention may be disposed of by directing attention to section 4 (subd. 4, par. [a], cl. [1]) of the State Residential Rent Law, and paragraph a of subdivision 5 of section 33 of the State Rent and Eviction Regulations which provide that the Administrator may make a determination that the valuation of the property is an amount different from the assessed valuation “where there has been a bona fide sale of the property within the period between March 15, 1951, and the time of filing the application ’ ’. Everything before us points to this as a bona fide sale and the Administrator in his discretion could properly use the purchase price as a basis for computation.
The second point which the petitioners raise poses a problem. The Administrator in issuing his prder of February 10, 1956, made such order effective as of April 21, 1955, the date of the order of the local rent administrator which denied the increase. Petitioners contend this is making the increase retroactive and such is forbidden by statute and regulation.
The applicable sections may be quoted in part. Subdivision 6 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685) provides that: “ No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued ”. (Italics ours.) While section 32 of the regulations entitled “No retroactive adjustments ” states: “No order increasing or decreasing a maximum rent previously established pursuant to these Regulations shall be effective prior to the date on which the order is issued ”, the language seems clear but because of the position of the parties the question which we have to determine is, where an order of the Administrator reverses an order of the local rent administrator and increases rents, is such determination effective as of the date of the original order by local rent administrator, or is it restricted to the date of the actual determination by the Administrator and effective thereafter.
*263 The respondents cite Levy v. 1165 Park Ave. Corp. (138 N. Y. S. 2d 24, affd. 280 App. Div. 912, affd. 305 N. Y. 607) as authority for the proposition that such a determination may be made effective as of the date of the original order. An analysis of that case, and we agree wholeheartedly with its conclusion, convinces us it is not applicable here. There the defendant sought to attack the validity of an order of the Administrator collaterally. This the court held it could not do. Under the law the method prescribed for judicial review of a regulation or order is exclusive. No article 78 proceeding had been brought by the landlord against the Administrator’s determination and defendant sought in that action for moneys had and received to attack the validity of the order. Also the order in question modified an increase which had been granted. Here the first increase is the determination of the Administrator.
We have sought to gain some idea of the intention of the Legislature. The Rent Control Commission Report (N. Y. Legis. Doc., 1950, No. 49) found in the New York State Legislative Annual, page 250, refers to the sudden granting of 13,000 retroactive “ so-called ‘ fair net operating income ’ increases ” by the office of Housing Expediter, “ some of which were dated back approximately two years ”, and by its reference to “aroused tenants ” being confronted with the necessity of “ paying substantial accumulative increases without any prior warning ”, seems to disapprove of the practice.
The 1952 Report on Rent Control by the then State Rent Administrator, contains a comparison of certain features of the State regulations with the Federal regulations, Appendix “A ”, pages 117 to 119. Under the heading “ Effective date of orders ”, it points out that Federal orders are “ retroactive to the date of the filing of the landlord’s application ”, while under State regulations “ No retroactive orders are issued ”.
If we look further at sections 36 and 37 of the regulations, all falling under part III, entitled “Adjustments ”, we find language of exception which, for example, in dealing with decrease of services, permits the Administrator to set the maximum rent at the time of such decrease or as of May 1, 1950, whichever is later (§ 36, subd. [b]) or where proceedings are not instituted within a time specified, the order fixing maximum rent “ shall be effective as of the date of the issuance of the order.” (§ 36, subd. [d]; § 37.) Since these regulations were approved, the Legislature evidently intended to permit distinctions or exceptions but only under certain conditions.
The sections of the statute and the regulations forbidding retroactive adjustments seem to limit the effective date to that *264 of the issuance of the order. To read into these sections permission to the Administrator to back date his order, is actually to make the increase retroactive however we label it, resulting in those “accumulative increases ■” upon which the Bent Control Commission seems to have looked with disfavor.
The use of the term ‘ ‘ therefor ’ ’ in the statute seems to pinpoint the intent. Beading the statute in this manner, “No increase or decrease in maximum rent shall be effective prior to the date on which the order [for such increase or decrease] is issued.” “Issued” in the sense used here seems to mean “sent out ” or published. We think the statute intended the order to operate prospectively, not retroactively.
The local rent administrator made a determination based upon a provision of the statute. The Administrator chose a different basis, also permitted under the statute, and we cannot say that election or the decision thereon is erroneous. Since the Administrator’s decision is the first variation of maximum rent previously established, we are of the opinion that it is effective from the date of actual issuance, namely February 10, 1956.
Since there are matters to be adjusted between 400 Bealty and the Administrator and the parties have requested remission, the matter will be remitted to the Administrator for those purposes. Motion disposed of as heretofore indicated. Settle order.